**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ROBERT ADAM DAVIES,<br>Petitioner,<br>v.<br>ATTORNEY GENERAL OF NEW JERSEY,<br>Respondent. | : | Civil Action No. 10-3052 (RBK)<br>**OPINION** |

**APPEARANCES:**

Petitioner pro se
Robert Adam Davies
South Woods State Prison
Bridgeton, NJ 08302

Counsel for Respondent
J. Vincent Molitor
Cape May County Prosecutor
Cape May County Courthouse, NJ 08210

**KUGLER**, District Judge

Petitioner Robert Adam Davies, a prisoner currently confined at South Woods State Prison in Bridgeton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is the Attorney General of New Jersey.

For the reasons stated herein, the Petition must be dismissed as untimely.

# I. BACKGROUND

## A. Factual Background

The relevant facts and preliminary procedural history are set forth in the opinion of the Superior Court of New Jersey, Appellate Division.[1]

> Defendant was charged on June 24, 1997 in Cape May County indictment No. 97-06-366 with two counts of fourth degree criminal sexual contact with himself in April 1997 in the presence of M.M. and J.H., two individuals at least age thirteen but less than age sixteen, while defendant was at least four years older than M.M. and J.H., for the purpose of sexually arousing or sexually gratifying himself and/or to degrade or humiliate M.M. and J.H., N.J.S.A. 2C:14-3b (counts one and two); fourth degree distribution of marijuana in April 1997, N.J.S.A. 2C:35-5a(1) (count three); and third degree endangering the welfare of a child in April 1997, N.J.S.A. 2C:24-4a (count four).
>
> In Cape May County "Superceding" Indictment No. 00-05-210 [fn1] filed on May 15, 2000, defendant was charged with fourth degree criminal contempt occurring on February 22, 1995, alleging that defendant disobeyed the condition of his bail on the charges contained in Indictment No. 97-06-366. Those conditions required defendant to reside in Pennsylvania with his mother and attend an outpatient community mental health center there, and not return to reside in Wildwood, N.J.S.A. 2C:29-9.
>
> [fn1] This indictment was erroneously denominated as a "superceding" indictment.

[1] Pursuant to 28 U.S.C. § 2254(e)(1), "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

> On December 14, 1999, a pretrial competency hearing was held. ... During the hearing, defendant made a pro se motion to represent himself ... . ... Thereafter, the judge conducted a two-day hearing to determine defendant's competency to stand trial pursuant to N.J.S.A. 2C:4-4, and, if found competent, his ability to represent himself at trial. ...
>
> Judge Alvarez determined that defendant was competent to stand trial but concluded that defendant lacked the capacity to make a knowing and intelligent waiver of his right to counsel. The judge further found that defendant would be unable to control himself in the courtroom if he represented himself and therefore denied defendant's motion to disqualify his attorney. ...
>
> On March 27, 2000, the judge dismissed the marijuana distribution charge contained in count three of Indictment No. 97-06-366 on the State's motion. The remaining charges in counts one, two and four were tried to a jury, and defendant was found guilty. On May 22, and 23, 2000, the contempt charge contained in Indictment No. 00-05-210 was tried to a jury, and defendant was also found guilty of that charge.
>
> Sentencing took place on May 26, 2000 on the convictions in both indictments. On the third degree endangering conviction, defendant was sentenced to a five-year term of imprisonment with a two and one-half year period of parole ineligibility. On the fourth degree criminal sexual contact convictions, the court imposed separate terms of eighteen months imprisonment, with nine months of parole ineligibility on each, to be served concurrently with each other and concurrent with the sentence imposed on the endangering conviction. On the contempt conviction, the judge imposed a consecutive term of eighteen months with a nine-month parole disqualifier. ...

(Opinion, Superior Court of New Jersey, Appellate Division, 1-5 (Jan. 17, 2003).) Petitioner timely appealed. The Appellate Division affirmed Petitioner's conviction and sentence in an opinion entered January 17, 2003. The Supreme Court of New

Jersey denied certification on April 28, 2003. State v. Davies, 176 N.J. 281 (2003).

On February 8, 2001, Petitioner filed a premature petition for post-conviction relief that he later withdrew. On June 1, 2003, Petitioner re-filed his state petition for post-conviction relief. On August 30, 2006, Petitioner and his counsel appeared before the trial court for a hearing after which, on September 19, 2006, the trial court entered its order denying relief. Petitioner timely appealed and, on April 23, 2008, the Appellate Division affirmed the denial of PCR relief. See State v. Davies, 2008 WL 1848283 (N.J.Super. App.Div. Aprl 23, 2008). The Supreme Court of New Jersey denied certification on September 9, 2008. See State v. Davies, 196 N.J. 464 (2008).

This Petition, dated June 1, 2010, followed. Here, Petitioner asserts four claims for relief: (1) that the State of New Jersey denied him his Sixth and Fourteenth Amendment rights to act as his own counsel; (2) that defendant was convicted based upon an "improper" theory of criminal responsibility, that is, that he was convicted under a statute which presumes consent, but that consent is ineffective due to the age of the victim, whereas the State argued that the sexual contact was done against the will of the victim, consistent with aggravated criminal sexual contact; (3) that the jury instruction on the "endangering" charge was tantamount to a directed verdict of guilty; and

(4) that the Court prevented Petitioner from presenting a "consent" defense. Respondent concedes that all claims were exhausted in state court and asserts, as a defense, that the Petition is time-barred.[2] Petitioner has not replied to the defense that the Petition is time-barred.

This matter is now ready for decision.

## II. 28 U.S.C. § 2254

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
>
> (A) the applicant has exhausted the remedies available in the courts of the State; ...
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of

[2] On the date he filed this Petition, Petitioner was confined at Atlantic County Jail. Based upon the sentences imposed in this matter, it is not clear to this Court that Petitioner was then in custody under the challenged convictions. As Respondent did not raise this defense, however, and as the Petition is otherwise barred, this Court need not delve further into the custody issue.

> the applicant to exhaust the remedies available in the courts of the State.
>
> ...
>
> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

III. ANALYSIS

In addition to the provisions of § 2254 set forth above, such petitions are subject to a limitation period. The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d),[3] which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed,

---

[3] The limitations period is applied on a claim-by-claim basis. See Fielder v. Verner, 379 F.3d 113 (3d Cir. 2004), cert. denied, 543 U.S. 1067 (2005); Sweger v. Chesney, 294 F.3d 506 (3d Cir. 2002).

> if the applicant was prevented from filing by such State action;
>
> (c) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (d) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Here, all of Petitioner's claims were known to him at the time his conviction became final; the timeliness of this Petition, therefore, is governed by § 2244(d)(1)(A). Thus, evaluation of the timeliness of this § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which any application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

Here, Petitioner's direct appeals concluded with the Supreme Court of New Jersey denying certification on April 28, 2003. The conviction became final 90 days later, on July 27, 2003, when the time expired for filing a petition for writ of certiorari with the United States Supreme Court. Accordingly, Petitioner had until July 27, 2004, to file his federal habeas petition, unless some ground for tolling applied.

To statutorily toll the limitations period, a state petition for post-conviction relief must be "properly filed."

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by the appropriate court officer for placement into the official record. And an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.

Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (citations and footnote omitted) (finding that a petition was not "[im]properly filed" merely because it presented claims that were procedurally barred under New York law on the grounds that they were previously determined on the merits upon an appeal from the judgment of

conviction or that they could have been raised on direct appeal but were not).

Where a state court has rejected a petition for post-conviction relief as untimely, however, it was not "properly filed" and the petitioner is not entitled to statutory tolling under § 2244(d)(2). Pace v. Diguglielmo, 544 U.S. 408 (2005). This is so even where, in the alternative, the state court addresses the merits of the petition in addition to finding it untimely. Carey v. Saffold, 536 U.S. 214, 225-26 (2002).

An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled from the time it is "properly filed," during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24. More specifically, "The time that an application for state post conviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." Evans v. Chavis, 546 U.S. 189, 191 (2006) (finding that time between denial of post-conviction relief and filing of appeal was not tolled where appeal was

untimely, even where state considered untimely appeal on its merits). However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

The limitations period of § 2244(d) also is subject to equitable tolling. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). Equitable tolling applies

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (citations and punctuation marks omitted). Among other circumstances, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition. Jones, 195 F.3d

at 159. See also Duncan v. Walker, 533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily tolled during the pendency of a premature federal habeas petition], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity"); 533 U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestion as "sound").

Finally, "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)).

Here, Petitioner filed his state petition for post-conviction relief on June 1, 2003, before his conviction became "final" for purposes of the federal limitations period, so none of the one-year limitations period lapsed between the time his conviction became final and the time he properly filed a state petition for post-conviction relief. The limitations period was tolled until the Supreme Court of New Jersey denied certification on September 9, 2008.

Petitioner had until September 9, 2009, to file this federal Petition, unless some other grounds for statutory or equitable tolling applies. Here, there are no facts suggesting any further

grounds for statutory or equitable tolling. Accordingly, this Petition, dated June 1, 2010, is untimely and will be dismissed on that basis.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find debatable this

Court's procedural ruling. No certificate of appealability will issue.

V. CONCLUSION

For the reasons set forth above, the Petition will be dismissed with prejudice as untimely. No certificate of appealability will issue. An appropriate order follows.

s/Robert B. Kugler
Robert B. Kugler
United States District Judge

Dated: February 1, 2012